# Colt *against* Selden.

No particular form of words is essential to the validity of an agreement in writing for the sale of land.

The declarations of a party to a suit are not always evidence against him ; if it be the admission of a fact material to the issue, it would be evidence; but if it be but the expression of an opinion as to the validity of his title, the subject matter of inquiry, and no one was prejudiced by it, it would not be evidence.

A contract in writing for the sale and purchase of land may be abandoned by the vendee, and when his acts and conduct are relied upon as evidence of abandonment, it is a question of fact referable to the jury.

ERROR to the common pleas of *Erie* county.

This was an action of ejectment for two lots in the town of Erie, by Joseph S. Colt and Judah Colt, Jun. against George Selden, Martin strong and Judah C. Spencer. Both parties claimed under the same original title; and the facts and contracts which gave rise to the questions determined, are sufficiently stated in the opinion of the Court, which was delivered by

Huston, J.—The plaintiffs here were plaintiffs below, and were the devisees, or heirs of devisees of Judah Colt, deceased; and showed

[Colt v. Selden.]

title to two lots in question in the town of Erie, in Judah Colt, and their right under his will.

The defendants admitted the title to have been in Mr Colt, but claimed as purchasers—and showed a paper in these words:

Mr JUDAH COLT.                                             April 20, 1831.

Sir:—I will purchase of you village lots No. 3186 and 3187, situate as follows:—bounded on the south by Third street, on the west by 3186, on the north by 3183, 3188, and on the east by 3190, and I will give you for the same the sum of 200 dollars, payable as follows: one-fourth of the money in carpenter work in the course of eighteen months from the above date, if required, and the remaining three-fourths in two, three and four years from the above date, with interest until paid; and will call with you and enter into contract for the same, in your usual form, when required to do so.

(Signed) "JAMES FAGAN."

On the back were indorsed these words:—"No. 3186, 3187, James Fagan. Application 200 dollars. April 20, 1831."

The above was kept by Mr Colt, and he made an exact copy of the paper and gave it to James Fagan. On this the indorsement was: "Copy.—Certificate, April 20, 1831. The within is a copy of the one signed by James Fagan and left with the subscriber.

(Signed) "JUDAH COLT."

It was proved, and admitted, that the whole of both papers, except the signature of James Fagan, were in the handwriting of Judah Colt, deceased; and were in a form used by him in his sales of lots, and always completed by deeds on payment of the price by the purchaser.

On the back of this last paper, which had been given to Fagan, was a regular assignment of it and all his right, &c. of the within lots, to David Zimmerman, in consideration of 95 dollars 92 cents, dated the 5th of December 1833.

And on the 26th of July 1835, a formal assignment, in consideration of 187 dollars 50 cents, was made by D. Zimmerman to George Selden.

It was proved by Mr Sill, one of the executors of Judah Colt, that Judah C. Spencer had been the clerk and agent of Mr Colt, and continued to be clerk and agent of his executors up to, and since 1835, and received, and gave receipts for money and large sums; and defendant then read a receipt of Judah C. Spencer, indorsed on the article as follows: "August 7, 1835, received of G. Selden, 25 dollars of the within agreement." This was laid out of view by the judge for reasons which will appear.

Defendants then proved, that in the spring of 1831 Mr Colt went with Fagan to the lots, told a man who was working for him to cease, that he had sold to Fagan and delivered possession to him; that Fagan fenced the lots and rented them.

They also proved that Fagan got stuff for a building for Mr Colt, who hauled it to his ground, but died before the eighteen months

[Colt v. Selden.]

had expired. There was some dispute about the quantity of timber got by Fagan.

Fagan, before he sold, had claimed his contract from the executors of Colt; and Selden had tendered the balance of the purchase money. During the trial, the plaintiffs offered to prove what Judah C. Spencer said about Fagan's claim in 1833. This was rejected; because the executors had proved that Spencer was acting as the agent of the estate at that time, and, though made a defendant on the record, no interest in him had been shown.

After this, a witness proved that both Selden and Spencer had said that they were equally owners of the lots. Plaintiffs then offered to prove " what Spencer said before the assignment to George Selden, and before the receipt of the 25 dollars was indorsed as paid by Selden," to wit, " that Fagan had no interest in these lots." This also was rejected and exception taken.

Admitting the general position, that the admissions or declarations of a party on record are evidence against him, yet it is subject to limitation according to the facts; what Spencer said while he was agent of Colt's executors, and resisting Fagan's claim, was, at the time the words were spoken, the words of the plaintiffs by their agent. Now the facts, and words accompanying the facts, being part of the *res gestæ*, are generally evidence, and may be conclusive; but the opinions of the one party or the other have no effect on the validity of a title to land, unless the expression of such opinion has induced the other party to do or omit something. This court decided, in Paul *v.* Mackay, 3 *Watts* 125, that the declarations of a party who had a deed, that he had no title; and acts of his, under that mistaken impression, were improperly received in evidence. " If title by deed could be divested by proof of this kind," say the court, " real estate would be held by a very loose title indeed." If the representatives of Mr Colt had, by the representations or opinions of any one of the present defendants, been induced to do any act, or omit to do any thing which injured their claim, it might be otherwise, but the opinion of their own agent, or of G. Selden at one time, as to the validity of Fagan's right, can make that right neither better nor worse.

As it was probable J. C. Spencer was interested with Selden when he received the 25 dollars on the agreement, in August 1835, the court left that, and the effect of it, out of view in submitting the cause to the jury. If the evidence offered had been to prove the admission of a fact material to have been considered by the jury in forming their opinion, the question of admitting the evidence, might have been worthy of more consideration; but the evidence offered was to prove what was the opinion of Spencer of a title, a matter which, under the circumstances of this case, the jury must have been told was immaterial. The cause was to be decided on the facts proved, not on proof of the opinions of others, even if those others should have become parties.

[Colt v. Selden.]

The other error, insisted on here, is to the charge of the court. There were at most but two questions in the cause, whether there was evidence of a contract? and if so, whether that contract had been rescinded by both parties, or so neglected by Fagan that the jury ought to consider it abandoned by him? yet nine points were submitted to the court on which their opinion was required.

On the first there could be no doubt; no express form of words is necessary to make a contract; here, the precise property is stated, and the boundaries, and the price, and manner, and times of payment; all this written by Mr Colt and signed by Fagan, then copied by him, called a certificate and copy of the one signed by Fagan, and this signed by Mr Colt, and delivered to Fagan. The act of 1772 does not require a deed or writing under seal; any note in writing, showing that there is a contract, if signed by the parties, is sufficient. This writing, and the actual delivery of possession, and fencing and occupancy by Fagan, left no doubt; but the fact proved and admitted, that in this form Mr Colt made all his contracts, and always complied with them, was of such nature as to give force to it.

The court did not tell the jury it was or was not abandoned. The facts proved were stated; but there were matters connected with those facts not proved. The timber was hewn by Fagan and hauled to the ground by Colt; before the house was erected a foundation must have been prepared, and shingles and nails to cover it provided, and the carpenter work was to be performed if required.

Fagan's bill for stuff prepared by him was 44 dollars; there was no proof whether Colt prevented any more being done, or whether it stopped from Fagan's default. Colt died before the next payment was to be made, and his executors made objections to complying with the contract. It was a proper case to submit to a jury. The facts proved would not have justified the court in saying that the delay was such as amounted to an abandonment. There are cases where a court may so instruct a jury, but those are where there has been longer delay, and more decisive neglect than existed in this case.

Judgment affirmed.